

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE/OPELOUSAS DIVISION



U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

JUL 7 - 1999

ROBERT H. SHEMWELL, CLERK
BY _____ Kew
            DEPUTY

| | |
|---|---|
| AMERICAN SECURITY BANK OF VILLE PLATTE, INC. | CIVIL ACTION NUMBER: 99-0999 |
| VERSUS | JUDGE DOHERTY |
| BANCINSURE, INC., ET AL | MAGISTRATE JUDGE METHVIN |

<u>MEMORANDUM RULING</u>

Before this Court is a Motion to Remand [Doc. #16] brought on behalf of plaintiff, American Security Bank of Ville Platte, Inc. ("ASB"), who asserts there is not complete diversity in this matter insofar as both plaintiff and one of the named defendants, Phillip A. Lemoine & Associates Insurance Services, Inc. ("Lemoine"), is a citizen of the State of Louisiana.  As a Louisiana citizen, plaintiff continues, this Court lacks subject matter jurisdiction based upon 28 U.S.C. § 1332 as there is purportedly not complete diversity between the parties. Defendant counters by arguing there is complete diversity because the aforementioned defendant was fraudulently joined.

### Background

ASB brings claims for declaratory relief, or alternatively for damages, as a result of an insurance contract entered into by ASB with BancInsure and Lemoine.  Plaintiff seeks to enforce the obligations plaintiff asserts BancInsure agreed to assume or, alternatively, for damages from BancInsure for its assertedly negligent misrepresentation, from Lemoine for its assertedly

negligent misrepresentation, breach of promise, breach of mandate, and other claims, and from Lemoine's insurer in a direct action based upon Lemoine's asserted acts and the insurance contract that plaintiff asserts provides coverage for Lemoine's acts.

Plaintiff's insurance claims arise out of circumstances in which an insurance agent, Lemoine, agreed to secure primary insurance coverage for certain types of losses from BancInsure. BancInsure issued to ASB a Financial Institution Bond No. 17FIB00105-1 (the "Bond") and a non-owned automated teller machine Rider BI-BD-NOATM(07/97) to the Bond (the "Rider"). BancInsure asserts it provides for non-owned automated teller machine excess coverage.  Plaintiff asserts losses incurred as a result of theft, unauthorized release, and/or mysterious disappearance are covered by the policy.  However, by letter dated February 25, 1999, BancInsure denied coverage for the aforementioned losses.

Plaintiff filed suit against BancInsure, a foreign insurance company doing business in the State of Louisiana, which is undisputedly diverse from plaintiff.

Plaintiff also filed suit against Lemoine, a Louisiana corporation, and its errors and omissions insurer.  Plaintiff asserts that after negotiations between ASB employees, a representative of Lemoine and a representative of BancInsure, an

2

insurance bond was issued to ASB by BancInsure.  Plaintiff
further asserts that after the bond was issued, ASB incurred
losses in excess of $400,000.00 through theft, unauthorized
release, and/or mysterious disappearance.  Plaintiff further
asserts that throughout the negotiations leading up to the
issuance of the Bond, ASB, through its employees, received
repeated assurances from the representatives of both BancInsure
and Lemoine that these types of losses would be covered by the
Bond.  As stated above, BancInsure denied coverage for these
losses.  It is Lemoine who, plaintiff asserts, deprives this
Court of jurisdiction as it is not diverse from plaintiff.[1]

## Law and Analysis

The Fifth Circuit has stated that when there has been an
allegation of fraudulent joinder, "[t]he removing party bears the
heavy burden of proving that non-diverse defendants have been
fraudulently joined to defeat diversity," either by proving
(1) outright fraud in the plaintiff's recitation of
jurisdictional facts, or (2) there is no possibility that the

---

[1]In the Petition for declaratory relief and for damages, plaintiff asserts that XYZ Insurance
is a "foreign insurer authorized to do ... business in the State of Louisiana".  However, in
BancInsure's Notice of Removal, defendant asserts the Court should disregard the presence of
both Lemoine and its insurer (XYZ Insurance) for purposes of determining diversity jurisdiction
as defendant asserts the aforementioned defendants have been fraudulently joined.  Whether or
not XYZ Insurance is a Louisiana insurer will matter not in the determination of plaintiffs' motion
as the analysis required of this Court by jurisprudence mandates that "one bad apple will spoil the
bunch."  In other words, if this Court finds Lemoine not to be fraudulently joined, diversity does
not exist and therefore, this case must be remanded to state court.

plaintiff would be able to establish a cause of action against the non-diverse defendant in state court.  <u>Rodriguez v. Sabatino</u>, 120 F.3d 589, 591 (5th Cir. 1997), <u>cert. denied</u>, 118 S.Ct. 1511 (1998); <u>Burden v. General Dynamics Corp.</u>, 60 F.3d 213, 217 (5th Cir. 1995); <u>Cavallini v. State Farm Mutual Auto Ins. Co.</u>, 44 F.3d 256, 259 (5th Cir. 1995).  As the defendant does not allege fraud, this Court finds this case involves the latter inquiry. The Fifth Circuit has stated that as to the second rule, "we 'evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff' and 'examine relevant state law and resolve all uncertainties in favor of the nonremoving party.'" <u>Rodriguez</u>, 120 F.3d at 591, citing <u>Green v. Amerada Hess Corp.</u>, 707 F.2d 201, 205-06 (5th Cir. 1983).

The <u>Burden</u> Court stated that in evaluating a claim of fraudulent joinder, the Court is not to determine whether the plaintiff will actually or even probably prevail on the merits of the claim.  <u>Burden</u>, 60 F.3d at 216.  Rather, the Court is only to look for a possibility that the plaintiff may do so.  <u>Id</u>. Therefore, the question before this Court is whether the defendant can show that no possibility exists that the plaintiff has stated a claim against Lemoine.

Under Louisiana law, for a cause of action based on

4

negligent misrepresentation to stand, the alleged representations made by the defendant to the plaintiff must be classified as negligent misrepresentations. <u>Daye v. General Motors Corp.</u>, 720 So.2d 654, 659 (La. 1998). The Louisiana Supreme Court has stated that "[i]n general, the courts of [Louisiana] have recognized that La. Civ. Code arts. 2315 and 2316, the code articles defining tort law, encompass an action for negligent misrepresentation." <u>Id</u>. The Court further stated that Louisiana jurisprudence has limited negligent misrepresentation tort theory to cases wherein a contract or fiduciary relationship exists. <u>Id</u>. The Court further stated that negligent misrepresentation cases are evaluated using the duty-risk analysis. <u>Id</u>.

This Court finds BancInsure has not questioned whether plaintiff has the possibility of claims against Lemoine for negligent misrepresentation, for breach of Lemoine's mandatary duties to ASB, or for breach of contract. See Notice of Removal, p. 7; BancInsure's Opp. to Motion to Remand. Rather, BancInsure claims Lemoine was fraudulently joined as any of the aforementioned claims against Lemoine have prescribed pursuant to Louisiana law, namely La. R.S. 9:5606. <u>Id</u>.

This Court finds plaintiff has stated claims for negligent misrepresentation, breach of mandatary duties and breach of contract against Lemoine. Therefore, the Court must now consider the affirmative defense of prescription asserted by BancInsure.

Sid Richardson Co. v. Interenergy Resources, Ltd., 99 F.3d 746,

753 (5th Cir. 1996).  In Sid Richardson Co., the Fifth Circuit

stated that "[s]hould the defendants prevail on any of these

defenses, it necessarily follows that joinder was fraudulent, and

the district court properly exercised its removal jurisdiction.

On the other hand, if there is any possibility that [plaintiff]

might survive the affirmative defenses, we must vacate for remand

to state court."  Id.

Defendant asserts plaintiff's claims against Lemoine are

governed by the prescriptive period set out in La. R.S. 9:5606.

La. R.S. 9:5606(A) provides:

> No action for damages against any insurance agent,
> broker, solicitor, or other similar licensee under this
> state, whether based upon tort, or breach of contract,
> or otherwise, arising out of an engagement to provide
> insurance services shall be brought unless filed in a
> court of competent jurisdiction and proper venue within
> one year from the date of the alleged act, omission, or
> neglect, or within one year from the date that the
> alleged act, omission, or neglect is discovered or
> should have been discovered.  However, even as to actions
> filed within one year from the date of such discovery,
> in all events such actions shall be filed at the latest
> within three years from the date of the alleged act,
> omission, or neglect.

Defendant further asserts the Bond was mailed to ASB's agent no

later than April 10, 1998 and the act, omission or neglect giving

rise to ASB's claims against Lemoine occurred during negotiations

for the Bond which necessarily predated the delivery of the Bond.

See BancInsure's Opp. to Motion to Remand, p. 7.  Defendant

further asserts that upon receipt of the Bond, ASB discovered or

6

should have discovered the act, omission, or neglect of Lemoine, namely that he represented to plaintiff that losses incurred for theft, unauthorized release, and/or mysterious disappearance would be covered.

This Court finds La. R.S. 9:5606 governs the case *sub judice* and the one year prescription period applies to plaintiff's claims against Lemoine.  However, the question before this Court remains as to when the prescription period should commence.  ASB asserts prescription does not commence until both the delict and the loss have occurred.  The date on which plaintiff asserts it sustained damage was when ASB received notice by letter of BancInsure's refusal to honor ASB's proofs of loss on February 25, 1999, three months prior to plaintiff's filing suit. Plaintiff further asserts that pursuant to La. R.S. 9:5606, the act, omission or neglect by BancInsure could not have been discovered until BancInsure refused to do what ASB asserts BancInsure agreed to do, i.e. provide insurance to cover the losses incurred by ASB.  See ASB's Motion to Remand, p. 8.

Defendant asserts that although the rule cited by plaintiff may govern prescription, generally, it does not apply to cases covered by La. R.S. 9:5606.  See BancInsure's Opp. to Motion to Remand, p. 7.  Defendant asserts prescription commences when the injured party has actual or constructive knowledge of the facts indicating to a reasonable person that he is a victim of a tort.

BancInsure's Opp. to Motion to Remand, P. 8.  Defendant further
asserts ASB had actual knowledge that the Rider provided only
excess coverage to the insurance maintained by the ATM Operators
more than a year before suit was filed.  Id.

This Court finds that questions of fact remain as to when
prescription began to run against ASB for its claims against
Lemoine.  This Court further finds the state courts to be the
more appropriate forum to determine when prescription commences
under state law.  This Court notes the Fifth Circuit stated, in
Burden, that "[i]f after resolving all disputed questions of fact
and all ambiguities in the controlling state law in favor of the
non-removing party, there is no possibility that the state court
would recognize a valid cause of action against the non-diverse
defendants, then those defendants have been fraudulently joined
and must be ignored for purposes of diversity jurisdiction."  60
F.3d at 217.  This Court cannot find that there is no possibility
a Louisiana court would recognize a valid cause of action against
Lemoine.  Therefore, this Court finds Lemoine was not
fraudulently joined.

This Court finds defendant's arguments for fraudulent
joinder of non-diverse defendants to be insufficient to meet the
heavy burden required of defendant to prove such an allegation.
The Fifth Circuit, in Burden, 60 F.3d 213, has directed district
courts to find that the joinder of a non-diverse party is not

8

fraudulent if plaintiff has any possibility of recovering under State law.  The Fifth Circuit has explained that "[a]lthough the district court may 'pierce the pleadings to examine affidavits and other evidentiary material, it should not conduct a full evidentiary hearing on questions of fact, but rather, should make a summary determination by resolving all disputed facts in favor of the plaintiff." Sid Richardson Co. v. Interenergy Resources Ltd., 99 F.3d 746, 751 (5th Cir. 1996).  According to Burden, this Court is not to determine whether plaintiff will actually prevail on the merits of the claim, but is only to look for the possibility that plaintiff might do so.  60 F.3d at 216.

### Conclusion

This Court finds defendant has not met its burden of proving there is no possibility that ASB would be able to establish a cause of action against Lemoine.  Therefore, this Court finds, accepting plaintiff's allegations as true as required by the jurisprudence, that defendant has not established there is no possibility plaintiff can state a claim against Lemoine which could be asserted under Louisiana law.  Therefore, this Court finds that non-diverse defendant, Lemoine was not fraudulently joined and therefore no diversity of citizenship exists as required under 28 U.S.C. 1332.  This Court further finds this action was improperly removed and therefore plaintiff's Motion to Remand is GRANTED and this case is hereby remanded to the 13th

Judicial District Court for the Parish of Evangeline, State of
Louisiana.

THUS DONE AND SIGNED this ___ day of _____, 1999.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

10